# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE REBICH, JR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 13-1007 |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Presently before the Court are a number of filings by counsel and the parties relating to the enforcement of an oral settlement agreement allegedly entered into between the parties at a private mediation held before the Honorable Donald Ziegler, including, Defendant State Farm Fire and Casualty Company's Motion to Deposit Funds (Docket No. 18), and the Notice of Attorneys' Charging Lien (Docket No. 19), Motion to Enforce Attorneys' Charging Lien (Docket No. 20), and Motion to Withdraw as Attorney (Docket No. 21), filed by Plaintiff's counsel, (i.e., Marcus & Shapira and its attorneys Scott D. Livingston, Esquire, James S. Larrimer, Esquire and Zachary P. Fenstemaker, Esquire). These submissions make clear that the attorneys for both sides believe that a settlement was effectuated during the private ADR session (as did Judge Ziegler, who filed a notice of ADR with the Court stating that the matter resolved on December 31, 2013 (Docket No. 17)), but it appears that the individual Plaintiff, Mr. Rebich, has refused to endorse the settlement check issued jointly to him and Marcus & Shapira, which has caused the instant motions practice and filing of attorney liens against Mr. Rebich by his counsel. (Docket Nos. 18-21). After carefully considering all of the parties' submissions, and

1

for the following reasons, the Court declines to reopen this case and intervene in the parties' disputes related to the settlement because the parties have expressly agreed that the resolution of such disputes would be determined in arbitration pursuant to their "ADR Agreement" and the Court will enforce their arbitration agreement rather than adjudicate the pending matters.

It is well settled that this Court has the authority to enforce arbitration agreements between private litigants under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"). Indeed, the FAA sets forth a "'strong federal policy in favor of the resolution of disputes through arbitration.'" *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (quoting *Alexander v. Anthony Int'l, LP*, 341 F.3d 256, 263 (3d Cir. 2003)). In this case, Mr. Rebich, (through his counsel) and State Farm entered into an "ADR Agreement" on December 3, 2013. (Docket No. 15). The Court approved the parties' "ADR Agreement" and entered an Order on December 5, 2013, stating that "this case shall be resolved according to the **ADR AGREEMENT**." (Docket No. 16 (emphasis in original)). Pursuant to the "ADR Agreement," the parties assented to the following procedures for the resolution of this case, stating, *inter alia*:

> WHEREAS the parties have decided that they wish to resolve their dispute by way of Alternative Dispute Resolution;
>
> …
>
> **II. MEDIATION**
> The parties agree to attempt in good faith to mediate the remaining claims in this dispute at a mutually convenient time and place.
>
> **III. ARBITRATION**
> The parties agree that in the event that they are unable to resolve those remaining claims in their dispute by way of mediation, that they will arbitrate their dispute through common law arbitration, at a mutually convenient time and place, using the same person whom they appointed as a mediator to serve as an arbitrator.
>
> **IV. MEDIATOR/ARBITRATOR**

> The parties have agreed that the Honorable Donald Ziegler, 100 Ross St., Pittsburgh, PA 16219 shall serve as that mediator and arbitrator.

(Docket No. 16-1). The parties' filings plainly demonstrate that they participated in mediation with Judge Zeigler on December 20, 2013, as required by § II of the "ADR Agreement." (*Id.* at § II). Likewise, it is obvious that the parties were "unable to resolve those remaining claims in their dispute by way of mediation" before Judge Zielger because the purported settlement between the parties has not been effectuated. (Docket Nos. 18-21). However, there are no references in any of the pleadings that the parties have fulfilled their contractual obligations under § III of the "ADR Agreement," which provides that "in the event that they are unable to resolve those remaining claims in their dispute by way of mediation, […] they will arbitrate their dispute through common law arbitration, at a mutually convenient time and place, using the same person whom they appointed as a mediator to serve as an arbitrator." (Docket No. 16-1 at § III). Therefore, pursuant to the FAA and the strong federal policy favoring the enforcement of arbitration agreements, *see Kirleis*, 560 F.3d at 160, the Court will exercise its jurisdiction retained under the December 5, 2013 Order, (Docket No. 16), but only to the extent that it will enforce § III of the "ADR Agreement" and refer this matter to arbitration.

For these reasons,

IT IS HEREBY ORDERED that the Court will enforce the valid arbitration agreement in this case and the parties shall proceed to arbitration in accordance with the terms of their "ADR Agreement";

IT IS FURTHER ORDERED that Defendant State Farm Fire and Casualty Company's Motion to Deposit Funds [18], the Motion to Enforce Attorneys' Charging Lien [20], and the Motion to Withdraw as Attorney [21] are DENIED, as moot;

IT IS FURTHER ORDERED that Plaintiff's counsel shall serve a copy of this Memorandum Order on Mr. Rebich and file proof of such service with the Court upon effectuation of same and no later than February 7, 2014; and,

FINALLY, IT IS ORDERED that this case shall remain CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   January 29, 2014

cc/ecf: All counsel of record
        Hon. Donald C. Zeigler
        Theodore Rebich, Jr. c/o Scott D. Livingston, Esquire